```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS & ST. JOHN
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal No. 2008-64 |
| v. ) | |
| ) | |
| REHELIO D. TRANT ) | |
| ) | |
| Defendant. ) | |

**ATTORNEYS:**

**Nelson L. Jones, AUSA**
**Major R. Coleman, AUSA**
St. Thomas, U.S.V.I.
     *For the plaintiff.*

**Jessie Gessin, AFPD**
St. Thomas, U.S.V.I.
     *For the defendant.*

## SENTENCING MEMORANDUM OPINION

**GÓMEZ, C.J.**

On October 9, 2008, Rehelio Trant ("Trant") drove up to a woman he knew, and asked her about her husband's whereabouts. When the woman told Trant that she did not know where her husband was, Trant pointed a gun at her and told her he was going to blow her head off. Thereafter, Trant led police on a car chase that resulted in Trant colliding with a police officer's vehicle. During the car chase, Trant had a woman and two children in the back of his car, and the children were not restrained by car

seats. Trant was indicted in a nine count indictment. He pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and to third degree assault with a deadly weapon, in violation of V.I. C<span style="font-variant:small-caps">ode</span> A<span style="font-variant:small-caps">nn</span>. tit. 14, § 297(2).

The matter came on for sentencing on July 22, 2009. At the conclusion of the hearing, the Court sentenced Trant to 10 years for the federal offense, and 15 years on the local offense, to be served concurrently. The Court also sentenced Trant to three years of supervised release. This memorandum outlines the factors the Court considered when it imposed that sentence.

Under the Virgin Islands third degree assault statute, the maximum term of imprisonment is five years. Because Trant has a felony conviction for assault with intent to kill, the government filed a habitual offender information against him. Pursuant to the Virgin Islands habitual offender statute, V.I. Code Ann. tit. 14, § 61(a), Trant faced a penalty of 10 years to life in prison for the territorial offense. While the Court was not required to follow the federal sentencing protocol, the Court was informed by the sentencing factors set out in 18 U.S.C. § 3553(a) when it sentenced Trant on his local conviction.

With regard to the federal felon in possession charge, the maximum term of imprisonment is 10 years for that count. For that count, the Court is required to consider the United States

Sentencing Commission Guidelines Manual when sentencing the defendant. The Court is also required to give "meaningful consideration" to the factors set forth at 18 U.S.C. § 3553(a) ("Section 3553(a)"). *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Section 3553(a), in relevant part, provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established
> . . . .
> (5) any pertinent policy statement—
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

The Court has carefully considered the several factors enumerated in Section 3553(a). The Court first notes that Trant

has a substantial criminal history. Trant has three misdemeanor convictions as well as a felony conviction for assault with a deadly weapon with intent to kill. In fact, Trant had just finished his sentence for that felony at the time of the offense sub judice. Further, during his eight years of incarceration for that offense, Trant incurred 54 prison infractions.

Further, with respect to both the nature and circumstances of the offense as well as the seriousness of the offense, the Court notes that Trant pointed a loaded gun at a woman and threatened to kill her. He also had another loaded gun and a bullet proof vest in his car. When pursued by police, Trant led them on a high speed chase in which he drove on the wrong side of the road and ultimately lost control of his vehicle, endangering himself, the three people in the back of his car, including two children, the police, and any other drivers that happened to be on the road.

After consideration of the Section 3553(a) factors, and for the reasons given herein, the Court finds that the sentence imposed is appropriate given Trant's conduct, and that it is necessary to deter future criminal activity.

                                                  S\_____
                                                **CURTIS V. GÓMEZ**
                                                   **Chief Judge**